IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-156-BR

| | |
|---|---|
| JAMAHL KWAME HOSENDOVE, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>OFFICER JOHN ERVIN of the )<br>Jacksonville Police Department, )<br>)<br>Defendant. )<br>) | **ORDER AND<br>MEMORANDUM &<br>RECOMMENDATION** |

This pro se case is before the court for frivolity review of Plaintiff Jamahl Kwame Hosendove's complaint [DE #1] pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable W. Earl Britt, Senior United States District Judge. For the reasons set forth below, it is recommended that Plaintiff's claim against Defendant in his official capacity be dismissed and that the action proceed only with respect to Plaintiff's claim against Defendant in his individual capacity.

## BACKGROUND

Plaintiff brings claims against Officer John Ervin of the Jacksonville Police Department in both his official and individual capacities for use of excessive force during Plaintiff's arrest. Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983

and seeks the following relief: (1) that a civil attorney be assigned to his case; (2) a jury trial; and (3) $2.5 million in damages.

## DISCUSSION

I.  Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275

2

F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

## II. Official Capacity

Plaintiff's § 1983 claim against Officer Ervin in his official capacity must be treated as an action against the government entity of which he is an agent – the City of Jacksonville. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). To establish liability against a municipality under § 1983, a plaintiff must show that the alleged constitutional injury is attributable to an official policy, procedure, or custom of the municipality. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978).

Plaintiff has not asserted that an official policy, procedure, or custom of the City of Jacksonville or the Jacksonville Police Department violated his constitutional rights. Accordingly, Plaintiff has not alleged sufficient facts to support a § 1983 claim against the City of Jacksonville, and his claim against Officer Ervin in his official capacity should, therefore, be dismissed.

3

## III. Individual Capacity

Plaintiff's allegations are sufficient, however, to state a claim against Officer Ervin in his individual capacity. Plaintiff states that Officer Ervin used excessive force during his arrest of Plaintiff. A claim for excessive force is cognizable under the Fourth Amendment. *See Cooper v. Brunswick Cnty. Sheriff's Dep't,* 896 F. Supp. 2d 432, 445 (E.D.N.C. 2012) ("A police officer violates the Fourth Amendment when he uses force against an individual in an objectively unreasonable manner.").

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. . . . [T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," however, its proper application requires careful attention to the facts and circumstance of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham v. Connor*, 490 U.S. 386, 396 (1989) (second alteration in original) (citations omitted) (quoting *Tennessee v. Garner*, 471 U.S. 1, 7 (1985) and *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

In his complaint, Plaintiff asserts, among other things, that Officer Ervin, unprovoked by Plaintiff, hit Plaintiff with his patrol car, tried to "run [Plaintiff] into the wall" with the patrol car, and shot Plaintiff in the chest after Plaintiff had complied with other officers' instructions to "freeze" and "put [his] hands up." (Compl. [DE #1] at 4.)

4

The undersigned expresses no opinion concerning the veracity of Plaintiff's allegations or the reasonableness of Officer Ervin's alleged actions. Given the liberal construction due Plaintiff's complaint, however, Plaintiff's claim that Officer Ervin, acting under color of state law, violated his Fourth Amendment right to be free from unreasonable seizures is neither legally frivolous nor factually baseless. Accordingly, this claim survives frivolity review.

IV. Motion to Appoint Counsel

Plaintiff requests that an attorney be appointed to represent him in this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to request an attorney to represent a pro se civil litigant only in exceptional cases. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." *Whisenant*, 739 F.2d at 163. The facts of this case and Plaintiff's abilities do not present exceptional circumstances.

Nevertheless, the court maintains a list of attorneys who have indicated a willingness to consider providing pro bono representation in civil cases ("pro bono panel"). Review by the pro bono panel does not guarantee that counsel will be secured. Because of the number of pro se cases and the shortage of volunteer attorneys, submission of a case to the pro bono panel frequently results in a declination of representation. This is an appropriate case for consideration by the pro bono panel.

5

Case 7:14-cv-00156-BR   Document 5   Filed 10/01/14   Page 5 of 6

## CONCLUSION

For the foregoing reasons, Plaintiff's claim against Officer Ervin in his individual capacity survives frivolity review. However, the undersigned RECOMMENDS that Plaintiff's claim against Officer Ervin in his official capacity be DISMISSED pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff's request for appointment of counsel is DENIED. The clerk is DIRECTED to submit Plaintiff's complaint for consideration by the pro bono panel.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 1st day of October 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge